Srimulyani v. Holder

BIA
A094 046 398

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of April, two thousand fourteen.

PRESENT:
        ROSEMARY S. POOLER,
        GERARD E. LYNCH,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges*.
_____

SYNTHIA SRIMULYANI,
        *Petitioner*,

        v.                                    13-431
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.
_____

FOR PETITIONER:        H. Raymond Fasano, New York, New
                       York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Daniel E. Goldman, Senior
                       Litigation Counsel; Samuel P. Go,
                       Senior Litigation Counsel, Civil
                       Division, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Synthia Srimulyani, a native and citizen of Indonesia, seeks review of a January 8, 2013, decision of the BIA affirming a March 4, 2011, decision of an Immigration Judge ("IJ") denying Srimulyani's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Synthia Srimulyani*, No. A094 046 398 (B.I.A. Jan. 8, 2013), *aff'g* No. A094 046 398 (Immig. Ct. N.Y. City Mar. 4, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Given the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (quoting *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006)). We review the factual findings underlying the BIA's determinations under the substantial evidence standard, and the agency's application of legal principles to undisputed facts *de novo*. See 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Srimulyani contends that the agency erred by "addressing the severity of each event in isolation, without considering its cumulative significance." *Poradisova v. Gonzales*, 420 F.3d 70, 79 (2d Cir. 2005). She posits that, viewed cumulatively, the racial slurs, drunken harassment and sexual advances inflicted upon her constituted persecution.

"[P]ersecution is the infliction of suffering or harm upon those who differ on the basis of a protected statutory ground." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). At the other end of the spectrum, "mere annoyance and distress . . . characterize harassment." *Id.* at 342. The difference "is necessarily one of degree," *id.* at 341, which much be measured "with regard to the context in which the mistreatment occurs." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006).

Here, the IJ and BIA put Srimulyani's experiences on the harassment end of the spectrum. This conclusion was reasonable. Srimulyani described mistreatment that could "'vex, trouble, or annoy continually or chronically,'" but would not cause physical or mental "suffering or harm." *Ivanishvili*, 433 F.3d at 341 (quoting *Webster's 3d New Int'l*

3

*Dictionary* 1031 (1981)). The agency focused on the two incidents of unwanted sexual attention that Srimulyani herself identified as "[w]hat happened to [her] personally that made [her] think Indonesia was not safe." In rejecting Srimulyani's claim, the agency properly considered the cumulative impact of these incidents and reasonably concluded that this impact did not constitute persecution. Although petitioner asserts that the BIA failed to address the cumulative effect of the lifelong harassment she suffered, petitioner identifies no additional instances of mistreatment that could rise, in combination with these two incidents, to the level of persecution. *See id*. (explaining that persecution "includes more than threats to life and freedom," but "does not encompass mere harassment" (internal quotation marks omitted)).

Because Srimulyani failed to demonstrate past persecution, she was required to make an independent showing that she would be subjected to harm upon her return to Indonesia. 8 C.F.R. § 1208.13(b)(1). Srimulyani could do this by demonstrating either that she would be singled out for persecution or that there existed a pattern or practice of persecution of those similarly situated. 8 C.F.R. § 1208.13(b)(2). The agency did not err in concluding that

4

Srimulyani failed to establish either circumstance. As the IJ noted, Srimulyani's claim was undercut by the fact that her mother, brother, and two children continue to live as practicing Christians in Indonesia without being harmed. Srimulyani similarly failed to carry her burden of establishing a pattern or practice of persecution against the Chinese in Indonesia. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009).

Srimulyani asks us to hold that because ethnic Chinese were historically a "disfavored group" in Indonesia, a lower level of individualized risk is required to show a well-founded fear of future persecution. *Sael v. Ashcroft*, 386 F.3d 922, 927 (9th Cir. 2004). Srimulyani raised this argument before the IJ, but not the BIA. "[W]hen an applicant for asylum or withholding of removal has failed to exhaust an issue before the BIA, and that issue is, therefore, not addressed in a reasoned BIA decision, [this Court is], by virtue of the 'final order' requirement of § 1252(d)(1), usually unable to review the argument." *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007). Because Srimulyani's "disfavored group" claim is unexhausted, we will not consider it. *Id.* at 107 n.1 (noting that because issue exhaustion in asylum cases is

mandatory, though not jurisdictional, "[i]f the government points out to the appeals court that an issue relied on before the court by a petitioner was not properly raised below, the court must decline to consider that issue" except in extraordinary circumstances).

Finally, as Srimulyani was unable to meet her burden of proof for asylum, she necessarily failed to meet the higher burden required to succeed on a claim for withholding of removal, *see Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); and she does not challenge the denial of relief under the CAT.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk